FILED
CLERK
10/28/2026
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
NANCY LAWRENCE-HERCULES,

*Plaintiff*,

-against-

COMMISSIONER OF SOCIAL SECURITY,

*Defendant*.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

23-CV-08660 (LDH) (JMW)

**A P P E A R A N C E S:**

Lindsay Trust
**Osborn Law P.C.**
43 West 43rd Street Suite 131
New York, NY 10036
*Attorneys for Plaintiff*

Heetano Shamsoondar
**Special Assistant U.S. Attorney**
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
*Attorney for Defendant*

**WICKS**, Magistrate Judge:

Plaintiff moves, pursuant to 42 U.S.C. § 406(b), for an award of attorney's fees in the amount of $23,453.25 following a remand to the Social Security Administration ("SSA") after a second hearing was held. On March 25, 2026, the SSA issued a letter informing plaintiff's counsel that the SSA was withholding $23,453.25, representing the balance of 25% of Plaintiff's past-due benefits in anticipation of direct payment of an authorized attorney fee. *See* Lindsay M.

Trust Declaration ("Trust Decl.") ¶ 10.[1] Defendant neither opposes nor supports the motion but merely asks the court to determine whether counsel's request is reasonable. (ECF No. 17.) For the following reasons, the motion is **GRANTED**.

## BACKGROUND

Plaintiff engaged Osborn Law, P.C. to file an action for review of the Social Security Commissioner's denial of disability insurance benefits which commenced on November 21, 2023. (ECF No. 1.) On March 11, 2024, the Commissioner filed the Administrative Record. (ECF No. 7.) On May 13, 2024, Plaintiff moved for judgment on the pleadings (ECF No. 8), and thereafter on September 24, 2024, this Court "so ordered" a Stipulation and Order for Remand, remanding the case for further proceedings pursuant to sentence four of 42 U.S.C§405(g) and directing that judgment be entered accordingly (ECF No. 10). Judgment was entered on September 25, 2024. (ECF No. 11.)

On December 13, 2024, Plaintiff's counsel wrote to counsel for the Commissioner seeking payment of attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 15-3.) Counsel requested compensation for 25.7 hours of attorney work at an hourly rate of $244.00 and 5.0 hours of paralegal work at an hourly rate of $100.00 for a total of $6,770.80. *Id.* The parties agreed on an EAJA fee of $6,350.00 and entered into the Stipulation and Order for allowance of fees, which this Court entered on January 14, 2025. (ECF No. 13.) Thereafter, Plaintiff's counsel received fees in the amount of $6,350.00. Trust Decl. ¶ 8.

---

[1] The supporting Memorandum of Law references the "Osborn Declaration" (*see, e.g.,* ECF Nos. 15 and 15-5 at 1-2). However, no "Osborn Declaration" was submitted in support of the motion. Rather, the Declaration of Lindsay M. Trust is submitted in support. *See* ECF No. 15-1.

Upon remand to the SSA, a second hearing took place before an ALJ and the ALJ subsequently issued a decision finding Ms. Lawrence-Hercules disabled and entitled to benefits. *Id.* at ¶ 9. Rather than receive the Notice of Award from the SSA, on March 25, 2026, the SSA issued a letter informing counsel that the SSA was withholding $23,453.25, representing "the balance of 25 percent of the past-due benefits for NANCY LAWRENCE-HERCULES and family in anticipation of direct payment of an authorized attorney's fee." (ECF No. 15-4.) Plaintiff's counsel received the March 25, 2026 letter by U.S. Mail on or about March 28, 2026. Trust Decl. ¶ 11.

On April 8, 2026, Plaintiff's counsel, Osborn Law, PC, filed the instant motion for attorneys' fees under 42 U.S.C. §406(b), requesting the $23,453.25 and a direction to the Commissioner to disperse that amount to Osborn Law, P.C. (ECF No. 15.) The Honorable LaShann DeArcy Hall referred the motion to the undersigned. (Electronic Order dated October 5, 2026.)

**<u>THE LEGAL FRAMEWORK</u>**

"Section 406(b) 'controls fees' for the successful representation of social security claimants in federal court." *Lago v. Comm'r of Soc. Sec.*, No. 14-CV-5688 (NGG), 2026 WL 1802893, at *2 (E.D.N.Y. June 23, 2026) (quoting *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019)). "The statute authorizes a court to determine and award fees, subject to two criteria: (1) the fee must not exceed '25 percent of the past-due benefits to which the claimant is entitled'; and (2) the fee must be 'reasonable.'" *Id.* (quoting 42 U.S.C. § 406(b)(1)(A)). "Within the 25% statutory cap, 'the attorney for the successful claimant' bears the burden of showing that 'the fee

sought is reasonable for the services rendered.'" *Id.* (citation modified) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

## DISCUSSION

### *I. There was Successful Representation of a Social Security Claimant and the Fee does not Exceed 25 Percent of Past Due Benefits*

The statute provides that,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"

42 U.S.C. § 406(b)(1)(A).

Although the statute contemplates a "judgment" rendered by a "court" and describes benefits obtained "by reason of such judgment," courts have nonetheless found that "where benefits are subsequently awarded on remand, those benefits are 'by reason of such judgment,' triggering a claimant's potential entitlement to fees under § 406(b)." *Meyer v. Acting Comm'r of Soc. Sec.*, No. 22-CV-05582 (LDH) (JMW), 2025 WL 2879978, at *2 (E.D.N.Y. Oct. 9, 2025) (internal citations omitted); *see also Ryan v. Barnhart*, 431 F. Supp. 2d 326, 328 (W.D.N.Y. 2006) ("The requirement that there be a 'favorable judgment' to the plaintiff does not require an award of benefits by the Court. It is sufficient if a Court remands an action for further proceedings and the Commissioner ultimately awards benefits.") (internal citations omitted).

Here, the Court remanded “pursuant to sentence four of 42 U.S.C. § 405(g)” to the Commissioner on September 24, 2024. (*See* ECF No. 10.) On remand, Plaintiff was found disabled and entitled to benefits and SSA issued its letter advising that the SSA withheld $23,453.25 (*i.e.*, 25%) from Plaintiff’s past-due benefits for potential counsel fees. (ECF No. 15-4.) Accordingly, § 406(b)’s threshold—a favorable judgment followed by an award of past-due benefits “by reason of” that judgment—is easily met. *See Meyer*, 2025 WL 2879978, at *2.

Moreover, counsel filed this motion in a timely manner. Normally, “[m]otions for attorney’s fees under 42 U.S.C. § 406(b) must be filed within the 14-day filing period prescribed by Rule 54(d) of the Federal Rules of Civil Procedure.” *Persuad v. Comm’r of Soc. Sec.*, No. 20-CV-4360 (EK) (RML), 2026 WL 1276695, at *2 (E.D.N.Y. Apr. 23, 2026) (internal citation omitted), *report and recommendation adopted*, 20-CV-4360 (EK) (RML), 2026 WL 1272941 (E.D.N.Y. May 8, 2026). Here, counsel filed the instant motion on April 8, 2026 (ECF No. 15), twelve days after the notice was issued. Trust Decl. ¶10. The application is timely. *See Sinkler v. Berryhill*, 932 F.3d 83, 91 (2d Cir. 2019) (noting that “[t]he fourteen-day filing period prescribed by Rule 54(d)(2)(B) is subject to equitable tolling”). "A practical problem arises with filing a motion within that period: §406(b) caps attorney's fees at 25% of the benefits award, but the Commissioner typically does not calculate the amount ofpast-due benefits until months after the decision to remand." *Id.* at 87. To avoid imposing a "deadline that cannot be met," the Second Circuit applied the doctrine of equitable tolling to extend the time to file a fee motion until 14 days after the claimant is notified of the amount of any benefits award. *Id.* at 85, 87.

Accordingly, since counsel did not receive the SSA letter until March 28, 2026, the Court finds Plaintiff’s filing on April 8, 2026 timely.

## *II. Reasonableness of the Requested Fee*

Section 406(b) caps the award of fees at 25% of past-due benefits. 42 U.S.C. § 406(b)(1)(A). Here, the SSA withheld $23,453.25, which is 25% of past-due benefits and the amount that counsel seeks. The requested fee, therefore, does not exceed the statutory ceiling. This was also the agreed-upon amount in the retainer agreement Plaintiff signed, which provides:

> If my case is successful in Federal Court and is sent back to the Social Security Administration for further evaluation (a "remand"), or by obtaining my benefits outright by court order, I understand that Daniel A. Osborn, Lindsay M. Trust, and/or Osborn Law, P.C. will be entitled to attorney's fees and reimbursements of costs for work in Federal Court. The attorney's fees owed by me shall be the **GREATER** of the following:
> . . . .
> 1) Such amount as my attorney may be awarded pursuant to the Equal Access to Justice Act (EAJA), . . . **OR**
>
> 2) Such amount as my attorney may be awarded, pursuant to 42 U.S.C. Section 406(b), from any past-due benefits to which I may be entitled, **but not to exceed twenty-five percent (25%) of such past-due benefits**.

(ECF No. 15-2, at 2) (emphasis in original).

"A court must enforce a claimant-counsel contract for a 'reasonable fee … not in excess of 25% of the … past-due benefits' awarded in a case before the Commissioner." *Brown v. Comm'r of Soc. Sec.*, No. 23-CV-6425 (EK), 2026 WL 1556183, at *1 (E.D.N.Y. June 2, 2026) (quoting 42 U.S.C. § 406(b)(1)(A)) (ellipses in original). "When the fee agreement is contingent, 'the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "The court's reasonableness determination is a matter of discretion[.]" *Lago*, 2026 WL 1802893, at *3. That said, courts typically consider the following factors:

a) the character of the representation and the results achieved;
b) whether counsel was responsible for undue delay, such as a delay that unjustly allowed counsel to obtain a percentage of the additional past-due benefits;
c) whether there was fraud or overreaching in the making of the contingency agreement; and
d) whether the requested amount is so large in comparison to the time that the counsel spent on the case as to be a windfall to the attorney.

*Duplessy v. O'Malley, Comm'r of Soc. Sec.*, No. 24-CV-4370 (KAM), 2026 WL 1453867, at *2 (E.D.N.Y. May 22, 2026) (citing *Fields v. Kijakazi*, 24 F.4th 845, 853 (2d Cir. 2022)).

The Court considers each factor in turn:

### *A. Character and Results of Representation*

Counsel's fee request comes after its successful representation of Plaintiff, which resulted in a judgment reversing the Commissioner's decision and a remand under sentence four of 42 U.S.C. § 405(g). On remand, the SSA found Plaintiff disabled and awarded past-due benefits, from which $23,453.25 (25%) was withheld for attorney's fees. By achieving a favorable result for Plaintiff after Plaintiff had previously been denied benefits, counsel obtained the outcome Plaintiff sought. This factor, therefore, weighs in favor of reasonableness. *See Brown*, 2026 WL 1556183, at *1 (E.D.N.Y. June 2, 2026) (finding representation adequate where client received "tens of thousands of dollars in past due benefits").

### *B. Undue Delay*

There is no indication in the record or in the Defendant's filing that counsel delayed the proceedings to increase the amount of past due benefits.

### *C. Possibility of Fraud or Overreaching*

There is nothing presented to the Court that suggests that there was fraud or overreaching, and the Court does not make that assumption. *See Brown*, 2026 WL 1556183, at *2 (E.D.N.Y. June 2, 2026) ("[T]he fee agreement is simple and clear and therefore likely not the

product of fraud."); *Meyer*, 2025 WL 2879978, at *4 ("[N]othing presented to the Court gives rise to even a scintilla of fraud in the formation of the contingency agreement, nor can it be assumed that a contingency agreement providing for the exact 25% statutory fee contains any overreach by counsel.").

***D. Whether the Requested Amount is so Large as to Be a Windfall***

Finally, the Court must assess whether the requested fee would constitute a "windfall" to counsel, taking into consideration the work done and the fee requested. *Meyer*, 2025 WL 2879978, at *4. Counsel spent 27.5 hours in attorney time and 5 hours of paralegal time on the matter. The requested amount of $23,453.25 corresponds to an effective hourly rate of approximately $912,58 an hour. (Memorandum of Lw at 4 (ECF No. 15-5, at 5.)[2]

Courts in this District have approved rates as high as $2,500.00 per hour, so counsel's request here is well within the range of reasonableness. *See Duncan v. Comm'r of Soc. Sec.*, No. 20-CV-6218 (FB), 2024 WL 3594667, at *1 (E.D.N.Y. July 31, 2024) (approving *de facto* hourly rate of $2,458.56); *Morales v. Comm'r of Soc. Sec.*, No. 20-CV-10568 (KMK) (VR), 2023 WL 7168750, at *3 (S.D.N.Y. Oct. 5, 2023) (approving *de facto* hourly rate of $1,469.89), *report and recommendation adopted*, 2023 WL 7166094 (S.D.N.Y. Oct. 31, 2023).

In determining whether the requested fee would constitute a windfall, the Court takes each consideration in turn:

[2] The billing records submitted in connection with this motion support the numbers set forth in the Trust Declaration.

*i. The Ability and Expertise of the Lawyers*

Counsel achieved a favorable result for Plaintiff with the hours of work expended. Proceedings commenced in 2023, leading to two remands and a successful result. Osborn Law, P.C. and the two lawyers working on the matter, namely Lindsay Trust and Daniel Osborn have extensive experience litigating Social Security matters in this District. Accordingly, this factor supports the requested fees at the calculated hourly rate.

*ii. The Nature and Length of the Professional Relationship*

Plaintiff retained counsel in September 2023, just before this case was filed in the District Court. (Trust Decl. ¶ 2 (ECF No. 15-1).) Their relationship spans from 2023 from the commencement of this litigation and throughout two subsequent remand proceedings through 2026. This supports the requested fees. *Meyer*, 2025 WL 2879978, at *5 (approving fee where "counsel's representation of [the p]laintiff began well before the filing of this federal court action"); *Brown*, 2026 WL 1556183, at *2 (approving fee where counsel "represented Brown for over two years including at the agency level").

*iii. The Satisfaction of the Disabled Claimant*

There is nothing in the record to suggest that Plaintiff is unsatisfied with the results of the claim or counsel's representation. Indeed, Plaintiff stands to past-due benefits as a direct result of counsel's work. Therefore, this factor weighs in favor of granting counsel's motion. "[T]he Court presumes that Plaintiff is satisfied with receiving the past-due benefits that he sought [when] there is no evidence in the record to the contrary." *Brown*, 2026 WL 1556183, at *2 (quoting *Finnegan*, 2024 WL 4494088, at *4).

*iv. Uncertainty of the Case Resulting in an Award of Benefits*

"In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Brown*, 2026 WL 1556183, at *2 (quoting *Wells*, 907 F.2d at 371). "A windfall is more likely to be present in a case where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." *Richard L., Plaintiff, v. Comm'r of Soc. Sec., Defendant.*, No. 20-CV-10794 (LTS) (SDA), 2026 WL 1541072, at *5 (S.D.N.Y. May 9, 2026) (quoting *Fields*, 24 F.4th at 856), *report and recommendation adopted sub nom. Lonecke v. Bisignano*, No. 1:20-CV-10794-LTS-SDA, 2026 WL 1537708, at *1 (S.D.N.Y. June 1, 2026).

Here, Plaintiff's application was disallowed, denied at a hearing, and then denied review by the Appeals Council before being remanded by the District Court; only then, on remand, was Plaintiff finally awarded her disability benefits.

***E. Conclusion as to Reasonableness***

Because the relevant factors amply support the requested fee, the fees requested are well within the realm of reasonableness. The Court is mindful of the judiciary's obligation to scrutinize "awards that richly benefit plaintiffs' counsel at the expense of their often-vulnerable clients," (*Whichard v. Comm'r of Soc. Sec.*, No. 16-CV-6260 (LDH)(RLM), 2020 WL 6370238, at *2 (E.D.N.Y. Jan. 24, 2020), *report and recommendation adopted*, 2020 WL 5810100, at *2 (E.D.N.Y. Sept. 30, 2020)), but nothing here even remotely suggests an unreasonable fee. *Id.* at *2–3.

***III. <u>Offset of the Equal Access to Justice Act Fees</u>***

In addition to fees under § 406(b), Plaintiff's counsel already received an attorney's fee award under the Equal Access to Justice Act ("EAJA") in the amount of $6,350.00. (*See* ECF

No. 15-1, at 2.) The EAJA allows a prevailing Social Security claimant to recover fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Hogan v. Astrue*, 529 F. Supp. 2d 680, 682 (W.D.N.Y. 2008) (referencing 28 U.S.C. § 2412(d)). EAJA fees are determined under the "lodestar" method—based on the attorney's time expended and a capped hourly rate—rather than as a percentage of benefits. *Id.* (citing *Gisbrecht*, 535 U.S. at 796).

Notably, if fee awards are made to a claimant's attorney under both § 406(d) and EAJA, the attorney "must refund the claimant the amount of the smaller fee" to prevent double recovery. *Mehlrose v. Comm'r of Soc. Sec.*, No. 20-cv-03406 (WFK) (LGD), 2024 WL 698729, at *3 (E.D.N.Y. Feb. 15, 2024); *see Cutajar v. Comm'r of Soc. Sec.*, No. 19-cv-05569 (SDA), 2021 WL 1541386, at *4 (S.D.N.Y. Apr. 20, 2021) (highlighting that "controlling case law dictates that if a plaintiff's counsel is awarded attorney's fees under both the EAJA and § 406(b), the smaller of the two fees must be refunded to the plaintiff").

Here, Plaintiff's counsel was previously awarded $6,350.00 in EAJA fees for the work in this case. Because the Court determined that counsel is entitled to $23,453.25 in fees pursuant to § 406(b) as a reasonable percentage of the past-due benefits, counsel is to refund the smaller EAJA fee to Plaintiff once they receive the § 406(b) payment. *See Finnegan*, 2024 WL 4490888, at *4 ("[U]pon receiving the § 406(b) award, Attorney Bowes shall promptly refund Plaintiff $5,050, which represents the EAJA fees already received by counsel, along with $5,042.09, which represents the EAJA fees that he did not seek but has elected to credit to Plaintiff."); *see also Richard L.*, 2026 WL 1541072, at *6 (ordering refund of EAJA fees even after reducing requested fee amount).

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion (ECF No. 15) is **GRANTED.** Osborn Law, P.C. is awarded attorneys' fees in the amount of $23,453.25. Upon receipt of that sum, Osborn Law, P.C. shall refund to Plaintiff the previously paid EAJA fees of 6,350.00.

Dated: Central Islip, New York
October 28, 2026

**S O O R D E R E D:**

/s/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge